**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

RONNIE WIMBUSH #360-137     *
          Plaintiff,
    v.               *  CIVIL ACTION NO. JKB-12-2317

NURSE MASHEAL         *
JANICE GILMORE, DIRECTOR OF
  MEDICAL              *
WEXFORD MEDICAL EMPLOYER
       Defendants     *

**MEMORANDUM**

On July 1, 2012, Wexford Health Sources, Incorporated ("Wexford") was awarded a five-year contract with the Maryland Department of Public Safety and Correctional Services ("DPSCS") to provide medical and utilization management services for all facilities.  Under this contract, Wexford provides onsite and offsite medical services, utilization management, staffing, risk management and other services to approximately 26,000 Maryland prisoners.[1]  Plaintiff, presently incarcerated at North Branch Correctional Institution ("NBCI"), seeks money damages against Wexford and two of its employees, alleging that he did not receive one dose of pain medication.  Plaintiff's motion for leave to proceed without prepayment of filing fees (ECF No. 2) shall be granted.  The case, however, is subject to dismissal without prejudice and without requiring further response from the named defendants.

Plaintiff indicates he returned to his cell around 8:30 a.m. on July 18, 2012, following his recreation break, and learned that Nurse Marsheal had already distributed the morning medication.  Plaintiff was told that nurses no longer will return to the tiers to provide medications to prisoners who are not in their cells at the time medications are distributed.  He

---

[1] *See* http://www.wexfordhealth.com/News-qx-Events.

takes issue with Wexford's failure to provide him notice of this policy and states that he was in pain for 24 hours because he missed his morning dose of Ultram.

The question presented is whether this single incident amounts to a violation of Plaintiff's Eighth Amendment right to medical care under 42 U.S.C. § 1983.  In the context of a prisoner civil rights claim involving medical care, the government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). When contractual prison health care providers show "deliberate indifference" to a prisoner's "serious medical needs," their actions or omissions give rise to an Eighth Amendment violation. *Id*. at 104.   However, the medical treatment provided (or withheld) must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.  *See Miltier v. Beorn,*  896 F.2d 848, 851 (4th Cir. 1990).

The single episode described in the complaint does not rise to the level of constitutional deprivation.[2]  The complaint shall be dismissed without prejudice.  A separate order follows.


DATED this 15th day of August, 2012.




BY THE COURT:


_____/s/_____
James K. Bredar
United States District Judge




---

[2] The court is mindful that NBCI is a maximum security prison with scheduled periods provided each prisoner for recreation, showers, and other "out of cell" activities  A different result might obtain if the policy alleged to exist here led to repeated denial of medication or forced prisoners to choose between obtaining medication and partaking in limited opportunities for such activities.